CUCULLU vs. MANZENAL & AL.

APPEAL from the court of the first district.

MATHEWS, J., delivered the opinion of the court. This suit is commenced by attachment, which seems to have been laid on property belonging jointly to the defendants and another person, in other words, on partnership property.

Partnership property may be attached in a suit against one of the members of the firm.

The court below dismissed the suit, considering that no property of the defendants had been seized under the writ, and from this order of dismissal the plaintiff appealed.

The garnishee, who was cited in the case, and answered interrogatories, states, that he had property in his possession, which he obtained by the authority, and on account, of a firm composed of Cuestra Manzenal & Toso,

VOL. IV. (N. S.)  24

East'n. District.
*January* 1826.

Cucullu
*vs.*
Manzenal
& al.

of the Havana, which produced nett on sale, the sum of 960 dollars.

On this fact, a question of law arises; whether partnership property be liable to attachment for the individual and particular debts of one or more of the partners? The remedy by attachment, is out of the ordinary course of judicial proceedings, as it authorises adjudication against defendants, without personal citation on a seizure of their property; which may be considered as a means of compelling the appearance in court, of persons who cannot be reached by ordinary process. The seizure of any property, however small the amount, is sufficient to give cognizance of the cause, and authorise proceedings to final judgment. Our law extends attachments to every species of property, and all rights and credits of defendants. Each partner of a commercial firm, has a right to his portion of the partnership property, according to the terms of the association; all are possessors of a common property, and every one for himself and his co-partners. The right and interest which each individual of the society has to an undivided share of the partnership effects, may be seized and sold

East'n. District.
*January* 1826.

CUCULLU
*vs.*
MANZENAL
& AL.

under execution; and it may also, in our opinion, be seized under our attachment law.

The situation of property belonging to a corporation established by law, differs essencially from that of a mere voluntary association of men for the purpose of carrying on the ordinary affairs of life. Their common stock is the property of each and every individual, and not distinctly that of the whole body, as in case of a corporation established by law. The case in 7 *Martin*, 31, is clearly distinguishable from the present; the former related to the rights of a body corporate. This to the property of men who hold it in common it is true, but in which each is entitled to a certain share, which gives to the individual an interest which may be separated from the mass.

We are of opinion that the seizure in the present case, is sufficient to authorise proceedings in the attachment, and consequently, that the judge *a quo* erred in dismissing it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, avoided and annulled, that the plaintiff's action be reinstated, and the cause

East'n. District. sent back to the court below, to be proceeded
*January* 1826.

CUCULLU
*vs.*
MANZENAL
& AL.

in according to law.

*Workman* for the plaintiff, *Pierce* for the defendants.